IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BASIL THEOPHILE, | : | |
|     Petitioner | : | |
| | : | No. 1:17-cv-02404 |
| v. | : | |
| | : | (Judge Kane) |
| WARDEN CLAIR DOLL, | : | |
|     Respondent | : | |

**MEMORANDUM**

Before the Court is Petitioner Basil Theophile's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the constitutionality of his prolonged detention by the United States Department of Homeland Security, Immigration, and Customs Enforcement ("ICE"), without a bond hearing. (Doc. No. 1.) Following an Order to Show Cause (Doc. No. 7), Respondent filed a response, contending that Petitioner is an "arriving alien" who is lawfully detained under 8 U.S.C. § 1225(b) and is not entitled to release or a bond hearing. (Doc. No. 10.) For the reasons set forth below, the Court will dismiss Petitioner's writ of habeas corpus.

**I.    BACKGROUND**

Petitioner is a citizen and national of Haiti. (Doc. 10-1, Ex. 1, Record of Deportable/Inadmissible Alien.) On November 5, 2016, Petitioner applied for admission to the United States at the San Ysidro, California, port of entry, and was apprehended by the United States Customs and Border Control. (Id.) He had no valid immigration documents and immigration officials found Petitioner to be inadmissible pursuant to Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"). (Id., Ex. 1, Ex. 3.) An expedited order of removal was issued the same day and Petitioner was taken into ICE custody pending his removal. (Id.)

1

Subsequently, Petitioner applied for asylum. (Id., Ex. 2.) An asylum officer found that Petitioner had demonstrated a credible fear of persecution or torture and Petitioner was issued a notice to appear charging him with being removable pursuant to Section 212(a)(7)(A)(i)(I) of the INA. (Id., Exs. 1-3.) On January 31, 2017, it was determined that Petitioner would continue his detention in ICE custody. (Id., Ex. 4.)

On November 17, 2017, Petitioner's applications for asylum, withholding of removal, and withholding of removal under Article III of the Convention Against Torture Act were denied and Petitioner was ordered removed to Haiti. (Id., Ex. 5.) Petitioner appealed this decision to the Board of Immigration Appeals ("BIA"), where it is currently pending. (Id., Ex. 6.) Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on December 28, 2017. (Doc. No. 1.)

## II. DISCUSSION

8 U.S.C. § 1225(b) governs the detention of "aliens arriving in the United States," and mandates the detention of "arriving aliens" who, like Petitioner, do not possess valid entry or travel documents when they arrive. See Ahmed v. Lowe, Civ. No. 3:16-CV-2082, 2017 WL 2374078 (M.D. Pa. May 31, 2017) (finding that because petitioner was classified as an "arriving alien," his detention is controlled by § 1225(b)). Section 1225(b) provides that arriving aliens are inspected immediately upon arrival in the United States by an officer of the United States Customs and Border Control. If the immigration officer determines that the alien is inadmissible because the alien cannot produce valid entry documents, see 8 U.S.C. § 1182(a)(7), "the officer shall order the alien removed from the United States without further hearing or review." 8 C.F.R. § 1235.3(b)(1)(I), (b)(2)(ii) (providing that arriving aliens subject to expedited removal are not entitled to a hearing or appeal of this decision).

If, however, the alien "indicates an intention to apply for asylum . . . or a fear of persecution, the officer shall refer the alien for an interview by an asylum officer." 8 U.S.C. § 1225(b)(1)(A)(ii); see 8 C.F.R. § 235.3(b)(4) ("If an alien subject to the expedited removal provisions indicates an intention to apply for asylum, or expresses a fear of persecution or torture, or a fear of return to his or her country, the inspecting officer shall not proceed further with removal of the alien until the alien has been referred for an interview by an asylum officer.").

Should the asylum officer determine that the alien has a credible fear of persecution, the alien "shall be detained for further consideration of the application for asylum." 8 U.S.C. §1225(b)(1)(B)(ii). If the alien receives a positive credible fear determination, the alien will be placed in removal proceedings. 8 C.F.R. § 235.6(a)(1)(ii). The alien, however, remains detained pursuant to 8 U.S.C. § 1225(b) during the pendency of these proceedings. The only statute that permits an alien's release from § 1225(b) custody is 8 U.S.C. § 1182(d)(5)(A), pursuant to which an alien may be paroled into the United Sates if the Attorney General determines "on a case-by-case basis" that "urgent humanitarian reasons or significant public benefit" warrant the alien's release. 8 U.S.C. § 1182(d)(5)(A). Decisions under § 1182 are purely discretionary and the regulations prevent an immigration judge from "redetermin[ing] conditions of custody" with respect to certain classes of aliens such as "[a]rriving aliens in removal proceedings, [which] include[es] aliens paroled after arrival pursuant to [S]ection 212(d)(5) of the Act." 8 C.F.R. § 1003.19(h)(2)(i)(B).

As provided for above, Petitioner presented himself for admission to the United States at the San Ysidro, California, port of entry, and was immediately detained and classified as an "arriving alien." See 8 C.F.R. § 1001.1(q) ("The term arriving alien means an applicant for

admission coming or attempting to come into the United States at a port-of-entry."). Accordingly, Petitioner's detention is controlled by § 1225(b) and the Court must now determine whether his detention by ICE since November 5, 2016 without a bond hearing violates his due process rights.

The United States Supreme Court has authored a recent opinion that controls this Court's analysis as to this issue. In Jennings v. Rodriguez, — U.S. —, 138 S. Ct. 830 (Feb. 27, 2018), the Supreme Court reversed the Ninth Circuit's holding that non-citizens detained under §§ 1225(b)(1), (b)(2), and 1226(c) are entitled to bond hearings every six months. Jennings, 138 S. Ct. at 842. The Court provided:

> § 1225(b) applies primarily to aliens seeking entry into the United States ("applicants for admission" in the language of the statute). Section 1225(b) divides these applicants into two categories. First, certain aliens claiming a credible fear of persecution under § 1225(b)(1) "shall be detained for further consideration of the application for asylum." § 1225(b)(1)(B)(ii). Second, aliens falling within the scope of § 1225(b)(2) "shall be detained for a [removal] proceeding." § 1225(b)(2)(A).
>
> Read most naturally, §§ 1225(b)(1) and (b)(2) thus mandate detention of applicants for admission until certain proceedings have concluded. Section 1225(b)(1) aliens are detained for "further consideration of the application for asylum," and § 1225(b)(2) aliens are in turn detained for "[removal] proceeding[s]." Once those proceedings end, detention under § 1225(b) must end as well. Until that point, however, nothing in the statutory text imposes any limit on the length of detention. And neither § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings.

Id. at 842.

Based upon the Supreme Court's recent holding in Jennings, this Court must conclude that Petitioner's detention under 8 U.S.C. § 1225(b)(1)(B)(ii) does not entitle him to a bond

hearing pending his removal.  <u>See</u> <u>id</u>. at 842.  Consequently, Petitioner's petition will be dismissed.

## III.    CONCLUSION

For the foregoing reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1.)  An appropriate Order follows.